■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN TORRES, Appellant. [57 NYS3d 419]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Tomei, J.), dated June 24, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under the Sex Offender Registration Act (*see* Correction Law art 6-C), a court must follow three analytical steps to determine whether to downwardly depart from the presumptive risk level.

First, the court must decide whether the mitigating circumstances alleged by the defendant are, as a matter of law, of a kind or to a degree not adequately taken into account by the Sex Offender Registration Act guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Second, the court must decide whether the defendant has adduced sufficient evidence to meet his or her burden of proof in establishing that the alleged mitigating circumstances actually exist (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 128). The defendant must prove the facts supporting a downward departure by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 128). Third, if the defendant has satisfied the first two steps, the court must exercise its discretion in weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d at 128).

Here, the defendant failed to identify any mitigating factor that would warrant a downward departure. Accordingly, the Supreme Court properly denied his request for a downward departure. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.